# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

THOMAS HAYNES (#308610)

VERSUS

JAMES M. LEBLANC, ET AL.

CIVIL ACTION

NO. 14-764-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 22, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**THOMAS HAYNES (#308610)**

**CIVIL ACTION**

**VERSUS**

**NO. 14-764-BAJ-RLB**

**JAMES M. LEBLANC, ET AL.**

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, former Warden Burl Cain, Assistant Warden Troy Poret, Legal Programs Director Trish Foster, Major Trent Burton, and Lt. Elisabeth Roblin, complaining that his constitutional rights were violated when the defendants failed to release him from Camp J after his appeal of a disciplinary board decision was granted.  He prays for compensatory and punitive damages, together with declaratory and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if

the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff alleges in his Complaint, as amended, that on July 18, 2014 he was found guilty of a Rule 30W violation and sentenced to a custody change to the Camp J Management Program.  The plaintiff further alleges that he appealed the decision of the Disciplinary Board, and on October 28, 2014 his appeal was granted, and the report was allegedly expunged and the custody change sanction voided.  Despite inquiring with "all ranking officers," writing to defendants Foster, Cain, and Roblin, and filing an ARP, the plaintiff alleges that he has not been released from Camp J, and when he continued to inquire as to his release he was told by defendant Poret that he would be "excessively sprayed chemically" if he asked about his appeal again.  The plaintiff asserts that he has been retaliated against, subjected to deliberate indifference, falsely imprisoned, denied equal protection, and denied due process in violation of the 1st, 5th, 8th, and 14th Amendments.

First, the Court notes that the plaintiff has named the defendants herein in both their individual and their official capacities.  Section 1983, however, does not provide a federal forum for a litigant who seeks the recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the

meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989).

Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed

the distinction between official capacity and individual capacity lawsuits and made clear that a

suit against a state official in his official capacity for monetary damages is treated as a suit

against the state and is therefore barred by the Eleventh Amendment.  *Id*. at 25.  Accordingly, the

plaintiff's claim for monetary damages asserted against the defendants in their official capacities

is subject to dismissal.  In contrast, the plaintiff's claim for monetary damages asserted against

the defendants in their individual capacities remains viable because a claim against a state

official in his individual capacity, seeking to impose liability for actions taken by the official

under color of state law, is not treated as a suit against the state.  Additionally, the plaintiff's

request for prospective injunctive relief against the defendants in their official capacity is also

actionable under § 1983.  Of course, the plaintiff must prove a deprivation of a constitutional

right to obtain any relief, whether in the form of damages or prospective injunctive relief.

Turning to the plaintiff's claims asserted against the defendants in their individual

capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case

because he has not alleged a physical injury sufficient to support such recovery.  Pursuant to 42

U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for

mental or emotional injury in the absence of some showing of physical injury.  Accordingly, this

aspect of the plaintiff's claim should be rejected.  Although the plaintiff might still be entitled to

recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir.

2007), he would need to establish some constitutional violation by the defendants in order to

merit such recovery.

As referenced above, plaintiff alleges that after his disciplinary appeal was granted, he continued to be confined in Camp J.  Plaintiff alleges that although he notified various officials, none took action and he continued to be housed in Camp J.  In *Sandin v. Conner*, 515 U.S. 472, 486 (1995), the Supreme Court concluded that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim.  The Fifth Circuit has specifically found that a transfer to Camp J likewise does not rise to that level. *See Dickerson v. Cain*, 241 Fed. Appx. 193 (5th Cir.2007) (finding that placement in Camp J at LSP does not present "an atypical or significant hardship beyond the ordinary incidents of prison life").

Classification of inmates in Louisiana is the duty of the Louisiana Department of Corrections and inmates have no right to a particular classification under state law.  *McGruder v. Phelps*, 608 F.2d 1023 (5th Cir. 1979).  Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security.  *Hewitt v. Helms*, 459 U.S. 460 (1983).

Furthermore, in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any implied allegation that the defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of

a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of

a breach by the supervisor of an affirmative duty specially imposed upon him by state law.

*Lozano v. Smith, supra.*

The plaintiff makes no specific allegations whatsoever as to defendants Smith and

Burton.  As to defendant LeBlanc, the plaintiff merely disagrees with the denial of his ARP.  As

to defendants Cain, Foster, and Roblin, the plaintiff alleges only that these defendants failed to

respond to his informal complaints.  An inmate does not have a constitutional right to have his

prison disciplinary or administrative proceedings properly investigated, handled, or favorably

resolved,  *Mahogany v. Miller,* 252 F. App' x. 593, 595 (5th Cir. 2007), and there is no

procedural due process right inherent in such a claim.  As stated by the United States Court of

Appeals for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of

the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process
> rights resulting from the prison grievance procedures, the district court did not err in
> dismissing his claim as frivolous… [The plaintiff] does not have a federally protected
> liberty interest in having these grievances resolved to his satisfaction.  As he relies on
> legally nonexistent interest, any alleged due process violation arising from the alleged
> failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings.  *See, e.g.,*

*Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate' s

claim regarding a failure to conduct a "proper investigation"  of a disciplinary charge did not

amount to a constitutional deprivation" );  and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11

(E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a

cognizable claim alleging an inadequate disciplinary investigation" ).

As to defendant Poret, the plaintiff alleges that the defendant threatened to spray him

with a chemical agent if he continued to inquire as to his appeal.  A defendant's mere expression

of anger or use of offensive or threatening language does not amount to a constitutional violation, *see McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.1983) (finding that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations").

Accordingly, in the absence of any allegations of personal involvement on the part of any defendant, in conduct causing an alleged deprivation of the plaintiff's constitutional rights, the plaintiff's claims against the defendants have no arguable basis in fact or in law, and should be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[1] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on March 22, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."