UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS HAYNES (#308610)                                    CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                          NO.:14-00764-BAJ-RLB

RULING AND ORDER

On March 22, 2016, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Thomas Haynes's ("Plaintiff") Complaint (Docs. 1, 4) be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted. (Doc. 15).

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 15 at p. 1). Plaintiff timely filed an objection (Doc. 16).[1]

---

[1] Plaintiff argues that "he was erroneously disciplined," and as a result, he was wrongly housed in Camp J, an extended lockdown unit. Plaintiff alleges that he was deprived of due process and that his continued confinement in Camp J is cruel and unusual punishment. As the Report and Recommendation acknowledged, "[p]rison administrators should be accorded wide-ranging deference to preserve internal order and discipline and to maintain institutional security." Doc. 15 at p. 5 (citing *Hewitt v. Helms*, 459 U.S. 460 (1983). Additionally, Plaintiff's due process claim is foreclosed by *Sandin v. Conner*, 515 U.S. 472 (1995). In *Sandin*, the United States Supreme Court noted that, while in rare situations, an inmate may claim entitlement to procedural due process in connection with prison disciplinary proceedings, such entitlement comes into play only where the state action has exceeded the inmate's sentence in an atypical or unexpected way. 515 U.S. at 483–84. Finally, the United State Court of Appeals for the Fifth Circuit has found that placement in Camp J at LSP does not present "an atypical or significant hardship beyond the ordinary incidents of prison life." *Dickerson v. Cain*, 241 F. App'x 193, 194 (5th Cir. 2007).

Having carefully considered the underlying Complaint and Plaintiff's objection, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 15)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above-captioned matter be **DISMISSED** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Baton Rouge, Louisiana, this 20th day of April, 2016.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] Plaintiff's prior action, Civil Action No. 15-cv-00568, was also dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The dismissal of the above captioned action is Plaintiff's second dismissal under §§ 1915(e) and 1915A in this Court. Plaintiff will be barred from proceeding *in forma pauperis* after three or more civil actions, proceeding under § 1915, are dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless Plaintiff is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

2